IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

    Plaintiff,

vs.                                       Case No. 07-10143-02-JTM

                                                 Case No. 16-1257-JTM

Tracy Harris,

    Defendant.

MEMORANDUM AND ORDER

Defendant Tracy Harris has moved *pro se* to vacate his sentence as unconstitutional in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). Following a trial, Harris was convicted of conspiracy to engage in a racketeer influenced and corrupt organization, felon in possession of a firearm, and wire fraud, in violation respectively of 18 U.S.C. §§ 1962(d), 922(g)(1), and 1343. (Dkt. 616). The court sentenced him to 188 months imprisonment. In *Johnson*, the Supreme Court held that the term "crime of violence" as used in the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *See also United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015). Harris argues that under *Johnson* his previous Kansas conviction for aggravated battery should not have been considered a "crime of violence" for purposes of sentencing.

Harris's sentence was not enhanced as a career offender under the ACCA, which would have provided for a base offense level of 37 under U.S.S.G. § 4B1.1. Rather, his sentence was premised on a base offense level of 44 pursuant to U.S.S.G. §§ 2E1.1 and 2D1.1. However, Harris's prior drug trafficking and aggravated battery did ultimately enhance his criminal history from Category V to Category VI. (Dkt. 575, at 37). Given this offense level and criminal history, pursuant to U.S.S.G. Chapter 5, Part A, the guideline range was life imprisonment. Thus, the government argues, characterization of the Kansas aggravated battery as a crime of violence played no actual role in the sentence imposed by the court. Even if the defendant's criminal history had remained Category V, because the offense level was more than 43, the relevant guideline range would have remained life imprisonment. *See* U.S.S.G. Ch. 5, Part A, app. note 2.

At the sentencing hearing, the court rejected the guideline range of life imprisonment as "totally out of proportion to what is fair" and "grossly unfair." (Dkt. 640, at 6, 73) indicating instead that it believed a 20 year sentence was appropriate. Ultimately, citing 18 U.S.C. § 3553(a)(6), which mandates that courts consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," the court varied from the life imprisonment authorized by the Guidelines to impose a sentence of 188 months. (Dkt. 617, at 3). The sentence of 188 months was "based on, as I say, the [§ 3553] sentencing factors and wanting to make certain that there is not a huge disparity between your sentence and those that are imposed on other defendants in this case." (Dkt. 641, at 23). Were these the only findings advanced by

2

the court, the government's argument of harmless error would have merit.

However, the court cannot conclude that the characterization of the 1992 aggravated battery conviction as a "crime of violence" played no role in the defendant's sentence, and thus did not affect his substantial rights, given additional commentary by the court at the conclusion of the two-day sentencing hearing. In explaining its reduction of Harris's sentence below the prospective 20 years announced earlier, the court stated that it arrived at the sentence of 188 months by finding merit in the defendant's argument as to the amount of drugs involved, and indicating that "it would be appropriate ... to use a number for the drugs that is not quite as high as what is calculated in the presentence report." (Dkt. 641, at 23). The court then stated:

> What I intend to do is to go down to an Offense Level of 31, a Criminal History Category of 6. That's a guideline range. And that's based on, as I say, the sentencing factors and wanting to make certain that there is not a huge disparity between your sentence and those that are imposed on other defendants in this case. The guideline range is 188 to 235 months. And I am going to give you a low end sentence of 188 months, which is just over 15 years.

(*Id.*) The court repeated this calculation, incorporating the guidelines Category VI criminal history, immediately before pronouncing sentence:

> As I say, I'm dealing with an Offense Level, excuse me, of 32 -- no, 31, Criminal History Category of 6.
>
> Mr. Harris, it is the judgment of the Court that you be committed to the custody of the Bureau of Prisons for a total term of 188 months on Count 2, a 10-year sentence on Count 17, and 188 months on Count 21, all to run concurrently and not consecutively.

Id. at 24.

Given this record, the potentially erroneous characterization of Harris's prior conviction for aggravated battery cannot be said to have played no role in the defendant's actual sentence.

> [P]roper application of the guidelines remains the starting place and anchoring point for all of a district court's sentencing analysis, so any error in their application "most often will[ ] be sufficient" to show the defendant's substantial rights were affected and the error wasn't harmless. *Molina–Martinez v. United States*, __U.S. __, 136 S.Ct. 1338, 1345, 194 L.Ed.2d 444 (2016); *see also United States v. Sabillon–Umana*, 772 F.3d 1328, 1333 (10th Cir.2014). The Supreme Court has explained, too, that "[t]his is so" even where (just as the government contends here) the district court could have issued and might still issue the same sentence absent the error. *Molina–Martinez*, 136 S.Ct. at 1345. To be sure, exceptions to this rule exist, including when we can be certain from the record that the district court wasn't swayed by the guidelines and would have issued the same sentence whatever they might have advised. *Sabillon–Umana*, 772 F.3d at 1334. But there is nothing so reassuring as that in this record. Accordingly, *Molina-Martinez* and *Sabillon-Umana* compel the conclusion that the only contested element of the plain error test is met and resentencing in light of correctly applied advisory guidelines is warranted.

*United States v. Arthurs*, 2016 WL 2865756, *4 (10th Cir. May 17, 2016).

Accordingly, the court rejects the government's argument that Harris's motion to vacate be dismissed on the grounds that *Johnson* has no relevance to his sentence. However, the court agrees that judicial economy is advanced by a stay of these proceedings in light of *Beckles v. United States*, Docket No. 15-8544 (June 27, 2016), and the Supreme Court's determination in that case whether *Johnson* applies retroactively to sentences imposed pursuant to the residual clause contained in USSG § 4B1.2(a)(2).

4

IT IS ACCORDINGLY ORDERED this 29th day of August, 2016, that the request to dismiss defendant's § 2255 motion contained in the government's Response to Motion (Dkt. 704) is hereby denied. The court hereby stays further action on defendant's motion to vacate pending a decision in *Beckles*.

                                                    s/J. Thomas Marten
                                                    J. THOMAS MARTEN, JUDGE