IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                       Case No. 07-10143-02-JTM

TRACY HARRIS,

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Tracy Harris's Motion for Reconsideration (Dkt. 710), arguing that his sentence was excessive in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), and arguing that the court should not accept abeyance or stay of these proceedings pending the Supreme Court's resolution of the appeal in *Beckles v. United States*, Docket No. 15-8544 (June 27, 2016). The defendant argues that a stay should not be granted in light of the Tenth Circuit's decision in *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015).

However, that court has itself stayed further proceedings in a case raising the same issue, *United States v. Rollins*, No. 15-1459 (10th Cir. July 5, 2015), and the court finds that this result is warranted in the present action as well. Moreover, the court finds unfounded the defendant's suggestion of prejudice, based in part on "finding merit in the Petitioner's

argument as to the amount of drugs involved" being less than that set forth in the Presentence Report. (Dkt. 710, at 9).

At the sentencing, the court rejected the guidelines sentence of 20 years as excessive, but otherwise merely indicated that "there is no mathematical certainty with respect to the quantity of drugs," (Dkt. 641, at 23). The court instead imposed a sentence of 188 months, which was independently based on an overall assessment of the sentencing factors set forth in 18 U.S.C. § 3553(a), but mainly in order to avoid "a huge disparity between your sentence and those that are imposed on other defendants in this case." (*Id.*)

In its previous Order, the court could not determine that the Category VI criminal history category played no role in the sentence he actually received, and thus found defendant had presented a potentially valid *Johnson*-based challenge to the sentence imposed. However, reviewing the sentencing hearing, the court finds no basis for concluding that, absent the career offender designation, the defendant would receive a further reduction entitling him to imminent release. The sentence imposed already reflects a substantial departure from the suggested guidelines sentence, which even with a criminal history of Category V, would be life. The main issue at sentencing, the disparity to co-defendants, was already been accounted for by the reduction of the sentence to 188 months.

IT IS ACCORDINGLY ORDERED this 3rd day of November, 2016, that the defendant's Motion for Reconsideration (Dkt. 710) is hereby denied.

                                       ___s/ J. Thomas Marten_____
                                       J. THOMAS MARTEN, JUDGE