IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

    Plaintiff,

vs.                            Case No. 07-10143-02-JTM
                                      Case No. 16-1257-JTM

Tracy Harris,

    Defendant.

MEMORANDUM AND ORDER

Defendant Tracy Harris has challenged his sentence as unconstitutional in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), since it was based in part on a consideration of a prior conviction of aggravated battery as a crime of violence. The court stayed consideration of defendant's motion pending the Supreme Court's determination of whether *Johnson*, which found that the term "crime of violence" as used in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) was impermissibly vague, also applied to sentences rendered under the United States Sentencing Guidelines.

In *Beckles v. United States*, 2017 WL 855781, at *5-6 (U.S. March 6, 2017), the Supreme Court determined that

> [u]nlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness

1

challenge under the Due Process Clause.

Here, the court in its discretion imposed a sentence by downward variance which was within the statutory range. The defendant's sentence of 188 months was substantially less than the recommended sentence under the Guidelines. As the court noted in its prior order, Harris's sentence was not enhanced as a career offender under the ACCA. Rather, his sentence was premised on a base offense level of 44 pursuant to U.S.S.G. §§ 2E1.1 and 2D1.1. Given this base offense level, even if the defendant's criminal history had remained Category V at rather than Category VI, the relevant guideline range would have remained life imprisonment. *See* U.S.S.G. Ch. 5, Part A, app. note 2.

The court determined that a sentence of 188 months was fair and grounded on the factors set forth in 18 U.S.C. § 3553(a)(6). (Dkt. 617, 641). The sentence is a fair and appropriate sentence within the statutory range, and the defendant's Motion to Vacate (Dkt. 704) is hereby denied.

IT IS SO ORDERED this 25th day of April, 2017.

                                                   s/ J. Thomas Marten  
                                                 J. THOMAS MARTEN, JUDGE