IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

        vs.                                   Case No. 07-10143-02-JTM

TRACY HARRIS,

        Defendant.

MEMORANDUM AND ORDER

Following a lengthy jury trial involving numerous charges and co-defendants, the defendant Tracy Harris was convicted on November 5, 2008 of participating in a RICO conspiracy, possession of a firearm by a prohibited person, and wire fraud. (Dkt. 415). On June 20, 2010, the court sentenced defendant to 188 months imprisonment. (Dkt. 616). The Tenth Circuit affirmed Harris's convictions and sentence on September 18, 2012. *United States v. Harris*, 695 F.3d 1125, 1140 (10th Cir. 2012).

Harris moved to vacate his sentence on June 27, 2016 pursuant to 28 U.S.C. § 2255, arguing that his prior state conviction for aggravated battery was not a crime of violence and thus he was not a career offender. (Dkt. 705). The court denied the motion to vacate on April 25, 2017. (Dkt. 717).

The matter is now before the court on the defendant's May 22, 2017 motion, putatively advanced pursuant to 28 U.S.C. § 2241, citing *Mathis v. United States*, 136 S.Ct. 2243 (2016) and arguing that his prior conviction for the sale of cocaine should not be considered a controlled substance offense, and thus he was not a career offender. (Dkt. 718, at 4.)

The court hereby denies the motion for relief for two reasons. First, even though it is advanced as a § 2241 motion, which is a vehicle to challenge the execution and administration of a sentence, *see Stanko v. Davis*, 617 F.3d 1262, 1267 (10th Cir. 2010), defendant's motion is in effect a successive § 2255 motion which again focuses on the length of the sentence imposed. "It is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). Because it was advanced without compliance with the restrictions on such successive motions, the pleading must be denied.

Moreover, the defendant's status as a career offender did not affect the actual sentence imposed. As noted in its previous order, the defendant's offense level was not calculated under U.S.S.G. § 4B1.1 (which would have yielded an offense level of 37), but pursuant to §§ 2E1.1 and 2D1.1, which yielded an offense level of 44. The prior Sedgwick County, Kansas drug offense, in combination with a prior conviction for a crime of violence, did cause Harris to be treated as a career offender, increasing his criminal history category from V to VI, yielding a guideline range of life imprisonment.

However, any misclassification under *Mathis* did not affect the ultimate sentence

received by the defendant. Even if he were not considered a career offender, and he were sentenced at a criminal history category of V, the proper and objective guideline sentence would still be life imprisonment. *See* U.S.S.G. Ch. 5, Part A, app. note 2 (treating offense level of more than 43 as 43).

The court's sentence of 188 months was a substantial and favorable departure from the guideline sentence. After a full review of the all the pleadings and the extensive two-day sentencing hearing, the court is convinced that any error as to the criminal history category was harmless. While the court did mention the category during the course of its commentary (Dkt. 709, at 3-4), read in context the categorization played no role in the ultimate sentence imposed. Rather, the court attempted to fashion a sentence after concluding that the guideline life sentence was "totally out of proportion to what is fair" and "grossly unfair." (Dkt. 640, at , 73). The ultimate sentence of 188 months was explicitly "based on, as I say, the [18 U.S.C. § 3553] sentencing factors and wanting to make certain that there is not a huge disparity between your sentence and those that are imposed on other defendants in this case." (Dkt. 641, at 23). In particular, the court referenced § 3553(a)(6), which mandates that courts consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

The guideline sentence of life imprisonment played no role in the sentence imposed. Rather, the guideline sentence was set aside in order to render a sentence that was fair and proportional under § 3553. Thus, even if the court had jurisdiction to consider defendant's

3

successive collateral motion, it would conclude that any error in the guidelines categorization was harmless.

IT IS ACCORDINGLY ORDERED this 13th day of November, 2017, that defendant's Motion to Amend (Dkt. 721) is granted to the extent that defendant's additional arguments are incorporated into his underlying § 2255 motion (Dkt. 718), which is denied for the reasons provided herein.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
